### SMITH v. FITCH et al.
### No. 2118.

Court of Appeal of Louisiana. First Circuit.

March 13, 1940.

George M. Wallace, H. M. English, and R. F. Walker, all of Baton Rouge, for appellant.

Jones & Stewart, Robert C. Taylor, Roland C. Kizer, and D. J. Sanchez, Dist. Atty., all of Baton Rouge, for appellees.

PER CURIAM.

This is a suit involving a contest over an election for member of the Police Jury for the Parish of East Baton Rouge from the tenth ward of said Parish, brought under the provisions of Section 27 of the Primary Election Law of the State of

Louisiana, Act No. 97 of 1922, and its amendments. The election was the recent second primary election held in this State on February 20th, 1940.

The plaintiff is Philander Smith, Jr., and his opponent in said election was Remie W. Eisworth.

Smith, the plaintiff, is contesting the action of the East Baton Rouge Parish Democratic Executive Committee of date February 24th, 1940, in declaring his opponent Eisworth the nominee for the office to which they aspired. From the allegations of his petition it appears that there are two voting precincts in the said ward at which the names of the candidates were presented to the voters, but the committee, instead of promulgating and proclaiming the returns of the election from both precincts, promulgated and proclaimed the results from precinct number one only, with the result that Eisworth had received a majority of the votes, and was therefore entitled to the nomination.

Plaintiff alleges that the committee unlawfully, and without authority in law, declared illegal the election held in precinct two of the said ward and failed and refused to take into consideration the votes cast at that precinct in promulgating the total election returns for the ward, and that as his majority of the votes cast in that precinct was greater than the majority of the votes cast for his opponent in precinct one, the result would have been that he would have received a majority of all the votes cast in the ward, and was therefore entitled to the nomination.

He alleges further that the said committee certified to the Secretary of State the name of his opponent as the nominee and that this action on its part was in fraud of his rights, illegal and unlawful, and constitutes going behind the election returns for the purpose of declaring a party nominee.

He avers that on the strength of this illegal and unlawful certificate of nomination, the Secretary of State will, unless enjoined by the court, cause to be placed upon the official ballot to be used in the general election to be held in this State in the month of April, the name of his opponent instead of his own, the lawful party nominee, and that unless the court intervenes, he will suffer immediate and irreparable injury, loss and damage.

Averring that he is entitled to preliminary and permanent writs of injunction, he prays that E. A. Conway, Secretary of State, Remie W. Eisworth and the East Baton Rouge Parish Democratic Executive Committee, through its chairman, and the members thereof, each named individually, be ordered to show cause, after service upon them, why a preliminary mandatory injunction should not issue ordering the said committee to certify his name to the Secretary of State and have his name placed upon the ballot to be used in the general election to be held next April, and enjoining and restraining the said Secretary of State from causing to be placed upon the said ballot, the name of his said opponent, Remie W. Eisworth. He further prays, in effect, that upon final trial hereof the said injunctions be made permanent and that judgment be rendered in his favor as prayed for.

The court ordered the rule for injunction to issue as prayed for, the order having been signed by the District Judge at chambers, on February 27th, 1940, at 4:30 o'clock p. m., and being made returnable on March 4th, 1940, at 10 o'clock a. m.

On the return day as fixed by the court, the various defendants, except E. A. Conway, Secretary of State, appeared through their counsel and filed first exceptions to the jurisdiction of the court ratione materiae. They next filed exceptions of no right or cause of action, then pleas of prescription and finally their answers. The Secretary of State, through his counsel, also filed his answer. The answers filed by the several defendants put at issue, on the merits, the allegations of the plaintiff's petition, denying that the action of the committee was illegal and unlawful, and setting out on the contrary, the reasons for which the committee acted as it did, which reasons it considered legal and valid.

The answer of the Secretary of State in effect presents the situation in which his office will find itself unless final action can be had before March 15th, as it will be necessary for him to have the official information required by his office in order to have the ballots printed in time for the general election to be held in April. He avers that unless he is enjoined by an order of court he will proceed to print the ballots to be used in the said election to be held in the tenth ward of the Parish of East Baton Rouge with the name of Remie W. Eisworth thereon as the candidate of the Democratic party for the office of police juror, as certified to him by the committee.

The trial judge, upon hearing, overruled the exceptions to the jurisdiction, also the exceptions of no cause of action, sustained the exceptions of no right of action in part, and sustained the pleas of prescription. He accordingly dismissed the plaintiff's suit on the pleas of prescription, at his costs, whereupon this appeal was taken and perfected.

In as much as we have come to the conclusion that the pleas of prescription were correctly sustained below, and that we consider the question of jurisdiction, under certain provisions of the primary election law to be so involved in the plea of prescription that it necessarily becomes the duty of the court to decline jurisdiction by sustaining the plea of prescription, we will confine ourselves to a discussion of this point only.

Section 27 of Act No. 97 of 1922, as amended, gives the right to a candidate who claims to have been nominated at a primary election held under the act to contest the nomination of another candidate in the courts of the State, but, as a condition precedent to such right to resort to the courts to contest the results of the election, the act fixes a specific time in which that right must be asserted, by providing that "No contest shall be entertained unless brought within two days after the official promulgation of the result of the election, made by the Secretary of State, as provided herein."

■ As we construe this limitation in the time during which the contest may be brought, it is more than a statute of prescription or limitation but also affects the right of the courts to entertain jurisdiction over such an action when brought after the expiration of the period fixed in the act. In other words, where the action is brought after the expiration of the two-day period, not only is a plea of prescription maintainable, but the jurisdiction of the court to pass on the subject matter involved in the contest is divested—that is to say, the court's right to entertain jurisdiction expires with the period of limitation. Obviously, if the contest in this case was filed after the expiration of the two-day period, neither the trial court nor this court has any jurisdiction to entertain this case, and consequently the first consideration must be for us to determine whether or not the contest was filed within the time prescribed by the act.

In order to determine the beginning of the period of delay allowed for bringing a contest for nomination to an office other than that for State and District Offices, it is necessary to refer to other parts of Section 27 of the Act, the pertinent part of which reads as follows: "That in all elections * * * where returns are provided by this act to be made to the respective Committees ordering said primary election, it shall be the duty of the said chairman [of the committee], immediately upon receiving the said returns to at once open the same and cause same to be tabulated and compiled, and at twelve o'clock noon on the fourth day after the primary, the said committee ordering same shall reconvene at the same place and the chairman thereof shall submit to it the tabulated statement showing the result of the said primary election, together with the original returns received by him. That after the Committee has *met and proclaimed* the results as herein provided, * * *." (Italicizing ours.)

From the above provision of the section it would appear that the promulgation of the results of the election referred to in other parts of the section from which the period of delay for filing a contest is to be determined, is similar in effect to the result as *proclaimed* by a local committee and has the same force and effect as to finality as the official promulgation of the Secretary of State has with reference to nominations for State and District Offices.

■ The nominees as proclaimed by the local committees, other than for State and District Offices, are certified by such local committees to the Secretary of State, and the action of the said committees becomes final. However, with regard to State and District Offices, a different method is pursued. In the latter case, it is the duty of the Secretary of State to tabulate and compile the returns, promulgate the same, furnishing a certified copy thereof to the Chairman of the committee calling the election, and it is then made the duty of the Chairman of this committee to reconvene the committee for the purpose of certifying the nominees to the Secretary of State.

We therefore conclude that, as the contest in this case involves the nomination to an office other than a State or District Office, it is governed by the action of the local committee which proclaimed Eisworth the nominee, and for the purpose of de-

termining the time at which the period of limitation to file a contest in court began, we must be controlled by the particular time that the committee proclaimed the contestee the nominee for this office. That time, as shown by the record, and not disputed, was February 24th, 1940, at not later than 1:20 o'clock p. m. It further appears from the record, and is admitted by plaintiff, that he was present when the committee took this action and he admits further that he had full knowledge of the entire proceedings of the committee in this respect.

The next and perhaps the most important question presented in the case, is just what is meant by the two-day period mentioned in the statute within which the contest must be brought in order for the court to entertain jurisdiction. The plaintiff contends that the period should be computed by days, whereas the defendants contend that this delay should be computed by hours as was done by the Supreme Court in the case of Brown v. Democratic Parish Committee, 183 La. 967, 165 So. 167. Learned counsel for plaintiff contend that the court in that case did not compute the period of delay reckoning by hours, but our careful reading of the decision convinces us that that was the very method adopted by the court in computing the delay which elapsed between the time that notice of the action of the committee was given and the time that suit was filed. A reading of the separate opinions in that case, including that by the organ of the court in the majority opinion, the concurring opinion of one of the justices, and the dissenting opinion of two of the justices, in all of which reference is particularly made to hours, strengthens us in our conviction that the court interpreted the provision in the statute with reference to delay by computing the time in hours rather than by days. We feel constrained to follow the interpretation of the statute in this respect given by the Supreme Court.

Applying that rule of interpretation here, as already stated, the action of the committee in proclaiming Eisworth the nominee, from which the period of delay is to begin, took place at the latest at 1:20 o'clock p. m. on Saturday, February 24th, 1940. It is conceded that the suit was not filed until 4:45 o'clock p. m. on Tuesday February 27th, 1940. By a simple mathematical calculation, adopting the same method used by the Supreme Court in the Brown case, we find that a period of more than seventy-five hours intervened which obviously is more than forty-eight hours, or two days, and therefore the delays given plaintiff to file his contest in court had expired. Under this interpretation it is immaterial that a Sunday intervened between the time of the committee's action and the time in which the suit was filed.

Having reached the conclusion that neither the District Court nor this court has jurisdiction to entertain the contest because of the fact that the suit was not filed until after the delay had expired, it is, of course, unnecessary for us to pass on any other issues raised in the case.

For the reasons assigned, the judgment of the District Court which maintained the plea of prescription and dismissed plaintiff's suit is hereby affirmed at plaintiff's costs in both courts.