PER CURIAM.
On August 19, 1972, a primary election was held in the Parish of East Baton Rouge to fill the office of Judge of Division “K” of the 19th Judicial District Court. On August 23, 1972, at 11:00 A.M. the 19th Judicial District Democratic Executive Committee met for the purpose of tabulating the returns of the primary election and therefrom to certify the results of said primary election. At that meeting the committee declared E. Donald (Don) Moseley to be the nominee of the Democratic party. All proceedings of the committee were complete by 11:45 A.M. on August 23, 1972.
By letter of August 24, 1972, addressed to Wade O. Martin, Jr., Secretary of State, the results of the said election were forwarded and E. Donald (Don) Moseley was certified as nominee of the Democratic Party for the office of Judge, Division “K.” The instant suit alleging numerous irregularities in the election was filed against the committee on August 25, 1972, at approximately 4:55 P.M.
An exception of prescription was filed to the petition based on the following provision of R.S. 18:364(H), which recites as follows:
“H. No contest shall be entertained unless brought within two days after the official promulgation of the result of the election, made by the secretary of state, or by respective committees as provided in this Part.”
The exception was maintained in the district court and plaintiff has appealed. We affirm.
Plaintiff alleges that the lower court was in error in finding that the words “two days” in R.S. 18:364(H) means forty-eight hours; and in finding that the official promulgation of the results of the election took place on or about 11:45 A.M. on August 23, 1972.
*551 At the meeting the plaintiff herein was present and heard the motion certifying that E. Donald (Don) Moseley received a majority of the votes cast in the election and heard the resolution that Moseley was declared to be the nominee of the Democratic party for the office of Judge of Division “K” of the 19th Judicial District Court.
The principal issue in the case centers around the determination of when there has been an official promulgation of the result of the election.
Plaintiff argues that official promulgation takes place when the certification of the result of the election itself is made to the Secretary of State and that the time for filing an election contest commences to run from that time. On the other hand, defendant argues that promulgation takes place when the committee meets and announces the result of the election. If plaintiff is correct, her suit would have been timely filed. If defendant is correct, the suit would have been filed after the two-day period and thus subject to a plea of prescription.
In Smith v. Fitch, 194 So. 435 (La.App. 1st Cir. 1940), the Court made the following pronouncement with respect to the method in which the time should be computed:
“The next and perhaps the most important question presented in the case, is just what is meant by the two-day period mentioned in the statute within which the contest must be brought in order for the court to entertain jurisdiction. The plaintiff contends that the period should be computed by days, whereas the defendants contend that this delay should be computed by hours as was done by the Supreme Court in the case of Brown v. Democratic Parish Committee, 183 La. 967, 165 So. 167. Learned counsel for plaintiff contend that the court in that case did not compute the period of delay reckoning by hours, but our careful reading of the decision convinces us that that was the very method adopted by the court in computing the delay which elapsed between the time that notice of the action of the committee was given and the time that suit was filed. A reading of the separate opinions in that case, including that by the organ of the court in the majority opinion, the concurring opinion of one of the justices, and the dissenting opinion of two of the justices, in all of which reference is particularly made to hours, strengthens us in our conviction that the court interpreted the provision in' the statute with reference to delay by computing the time in hours rather than by days. We feel constrained to follow the interpretation. of the statute in this respect given by the Sitpreme Court.” (Smith v. Fitch, La.App., 194 So. 435, 438) (Emphasis added.)
Following the rule of the Fitch case, supra and of Brown v. Democratic Parish Committee, 183 La. 967, 165 So. 167 (1935), appellant was required to file her suit within forty-eight hours from the time the 19th Judicial District Democratic Executive Committee promulgated the results of the election.
R.S! 18:355 provides:
“In all other primary elections the returns shall be tabulated and compiled by the respective committees ordering the primaries and the results thereof certified to the secretary of state. The chairman of the committee, immediately upon receiving the returns, shall open them and cause them to be tabulated and compiled, and not earlier than the fourth day nor later than the fifth day after the primary, the committee ordering said primary shall convene and the chairman thereof shall submit to said committee the returns received by him.”
The foregoing provision is virtually the same as that found in Section 27 of Act 97 of the Regular Session of 1922, and was under consideration when the Supreme Court decided the Brown case, supra, in *552 1935. In construing the meaning of promulgation, the Court stated:
“The word ‘promulgate’ is defined in Funk & Wagnalls Standard Dictionary as follows:
‘To make known or announce officially and formally to the public.’ (Italics ours.)
“See, also, Webster’s New International Dictionary, Second Edition.
“50 Corpus Juris, p. 720: ‘Promulgate —To publish; to announce officially; to make public as important or obligatory.’ (Italics ours.)” (Brown v. Democratic Parish Committee, 183 La. 967, 165 So. 167, 168)
The Court further stated:
“ * * * The law does not provide in what manner the decisions of the committee shall be promulgated. The purpose of promulgation is to give notice. * * * ” (Brown v. Democratic Parish Committee, 183 La. 967, 165 So. 167, 169.)
If the action of the committee in compiling and tabulating the results of the election and certifying and declaring the result thereof that Moseley was the Democratic nominee for the Judge of Division “K” is not an official promulgation, then there is no statutory method prescribed for promulgation of the returns and the result of a primary election. This analysis would effectuate an untoward and impractical result and would make it cumbersome and almost impossible to determine the time of promulgation by the committee.
The record in the instant case shows that notice was given plaintiff at the meeting of the committee on August 23, 1972, at 11:45 A.M. Accordingly, plaintiff’s suit was not timely filed and the exception of prescription was properly maintained by the trial court.
For the above reasons, the judgment of the trial court is affirmed at plaintiff’s costs.
Affirmed.