PER CURIAM.
Plaintiff, Clayton L. Etheridge, brings this suit to have declared null the result of the primary election for sheriff of East Feliciana Parish held on November 1, 1975. To the petition, defendant-contestee, Arch V. Doughty, filed an exception of prescription, which was sustained and the suit dismissed. From that judgment, plaintiff-contestant has appealed.
The record shows that the election was held on November 1, 1975. On November 3, 1975, the Parish Board of Supervisors of Elections met and compiled the results of the election. These were entered on forms provided by the Secretary of State and forwarded to the Secretary of State on November 4, 1975. A copy thereof was also delivered to the office of the clerk of court on November 3, 1975. Two of the members of the Board signed the forms on November 3 and the other member signed on November 4,1975.
This suit was filed on November 10, 1975, alleging various irregularities in the manner in which the election was conducted and asking that it be declared null. In this Court, defendant-contestee has filed a motion to dismiss the appeal on procedural grounds. In view of our decision herein on the exception of prescription we preter-mit consideration thereof.
R.S. 18:420, which provides the procedures and delays for election contests in court, contains the following provision:
“H. No contest shall be entertained unless brought within two days after the official promulgation of the result of the election.”
Plaintiff contends that the results of the election were not “promulgated” until Friday, November 7, 1975, when they appeared in the “Watchman,” a weekly newspaper of general circulation in East Feli-ciana Parish. It is contended that, since two legal holidays, Saturday and Sunday, November 8th and 9th, 1975, intervened, the suit was filed “within two days” on November 10, 1975.
In Cooper v. Broussard, 266 So.2d 549 (La.App. 1 Cir. 1972), writs den. 263 La. 1, 266 So.2d 710 (1972), in deciding a similar case, we said:
“If the action of the committee in compiling and tabulating the results of the election and certifying and declaring the result thereof that Moseley was the Democratic nominee for the Judge of Division ‘K’ is not an official promugation, then there is no statutory method prescribed for promulgation of the returns and the result of a primary election. This analysis would effectuate an untoward and impractical result and *162 would make it cumbersome and almost impossible to determine the time of promulgation by the committee.”
We interpret the foregoing to mean that certification of the result of the election by the Board is tantamount to promulgation thereof. R.S. 18:416(B) provides that “all of these documents are public records and are open to inspection by anyone.” The law does not provide for any notice or publication thereof beyond the certification to the Secretary of State. However, a copy of the result was also filed with the Clerk of Court of East Feliciana Parish on November 3, 1975.
We therefore hold that the result of the election was officially promulgated on November 4, 1975, and that, since plaintiffs contest suit was filed on November 10, more than two days thereafter, his cause of action has prescribed.
The judgment appealed from is affirmed at plaintiff’s cost.
Affirmed.