CULPEPPER, Judge.
This is a suit to contest a school board election. The district judge sustained defendant’s exception of prescription on the grounds that plaintiff did not file this suit within two days after the official promulgation of the result of the election, as required by LSA-R.S. 18:364(H), and LSA-R.S. 18:420(H). From a judgment dismissing his suit, plaintiff appealed.
The issue is: What was the date of the official promulgation of the result of the election? Was it February 24, 1976, the date on which the Board of Supervisors of Elections for the Parish of St. Landry met and compiled the election returns and announced the results, or was it February 26, 1976, the date on which the action of the Board of Supervisors was published in the Official Journal of the Parish of St. Landry?
The facts are that the plaintiff, Gilbert Austin, Jr., the defendant, Bobby Dupre, and one Joseph Cluse were candidates for the St. Landry Parish School Board Dis *407 trict #10 in the primary election which was held on February 21, 1976. The Board of Supervisors of Elections for the Parish of St. Landry held a public meeting on February 24, 1976, at about 2:00 p. m. in the St. Landry Parish Courthouse. They compiled the votes cast at the election, drafted and signed a document in the presence of a notary public and three witnesses proclaiming the result of the compilation. As to the particular office with which we are concerned, this proclamation states that Austin received 554 votes, Cluse 183 votes and Dupre, 1,148 votes.
This document proclaiming the results of the election was published on February 26, 1976, in the Daily World, a newspaper in the City of Opelousas, Parish of St. Landry, State of Louisiana.
The plaintiff knew the unofficial vote count before the meeting of the board. He attended the meeting on February 24, 1976, and protested to the board the alleged fraud by defendant. But he left the meeting before the board officially announced the final count.
On Monday, March 1, 1976, plaintiff filed the present suit alleging that the defendant, Dupre, and certain of his supporters committed acts of fraud by purchasing votes in violation of LSA-R.S. 18:369 and 18:414. Plaintiff contends that by reason of these fraudulent and illegal acts he was prevented from either winning the primary election or at least being able to participate in the “run-off” with Mr. Dupre. Plaintiff prays that the election be declared null and void and that a new election be held.
The defendant, Dupre, filed an exception of prescription on the grounds that this suit was not filed within two days after the official promulgation of the result of the election, as required by LSA-R.S. 18:364(H). As stated above, the district judge sustained this exception and dismissed plaintiff’s suit.
Act 1 of 1975, which is commonly referred to as the “Open Primary Election Law”, changed the prior election laws of this State so as to eliminate party primaries and provide for one primary election of candidates, regardless of party affiliation, followed by a general election if necessary. As regards election contests, Act 1 of 1975, Section 420, H (LSA-R.S. 18:420, H) provides as follows:
“H. No contest shall be entertained unless brought within two days after the official promulgation of the result of the election.”
Section 416 of Act 1 of 1975 deals with the tabulation, compilation and promulgation of returns. Subparagraph A provides that for state officers and officers elected from certain districts of the State, the secretary of state shall compile the returns and “shall promulgate them in the official journal of the state”. Subsection B, regarding local officers, provides as follows:
“B. In all other primary elections the returns shall be tabulated and compiled by the respective boards of supervisors of elections for the parish wherein the election was held and the results thereof shall be certified to the secretary of state. The president of the board of supervisors, immediately upon receiving the returns, shall open them and cause them to be tabulated and compiled, and within six days after the primary the board conducting it shall convene and the president thereof shall submit to it the tabulated statement showing the result of the primary and the original returns received by him. The secretary of state and the president of each of the respective boards of supervisors of elections under the provisions of this Part shall safely keep and preserve for six months all tally sheets, poll lists and returns received by them, as well as all compilations of returns made by them. All of these documents are public records and are open to inspection by anyone.”
From the above, it is seen that Act 1 of 1975 provides that as to state officers and *408 certain district officers the secretary of state shall promulgate the returns in the Official Journal of the State. However, there is no provision that promulgation of the returns of other primary elections requires publication in an official journal. A reading of Subsection B quoted above indicates that for local elections, as the one with which we are concerned in this case, promulgation of the returns occurs when the board of supervisors of elections for the parish convenes and receives from the president the tabulated statement of the results of the primary and approves that tabulation.
Act 1 of 1975, Section 423 provides that “any and all other provisions of the election laws of this state, that are not in conflict with any provision in this Part, shall be applicable to and shall be applied in conducting any primary election held under the provisions of this Part.” When we look to the other pertinent existing election laws, we find that LSA-R.S. 18:364(H) provides:
“H. No contest shall be entertained unless brought within two days after the official promulgation of the result of the election, made by the secretary of state, or by respective committees as provided in this Part.”
LSA-R.S. 18:355 of the existing laws provides that for state officers and certain other district officers the secretary of state shall promulgate the returns “in the official journal of the state”. However, as to local primary elections, there is no requirement for promulgation by publishing in an official journal. Thus, the other election laws which were applicable at the time of the adoption of Act 1 of 1975 contain essentially the same provisions as to what constitutes official promulgation of returns.
The issue has been considered in prior cases. In Smith v. Fitch, 194 So. 435 (1st Cir. 1940), the court construed Section 27 of Act No. 97 of 1922, which is substantially the same as the present LSA-R.S. 18:364(H). The court held that for local elections promulgation occurred when the committee in charge of tallying the votes for the particular election announced at a meeting the results thereof.
In Brown v. Democratic Committee, 165 So. 167 (S.Ct.1935), our Supreme Court considered the definition of promulgation under Act 97 of 1922. The court stated: “The law does not provide in what manner the decisions of the committee shall be promulgated. The purpose of promulgation is to give notice. The record clearly shows that the attorneys for the relators were notified and had knowledge of the committee’s action on October 28, 1935, at 11 o’clock p. m.”
In Cooper v. Broussard, 266 So.2d 549 (La.App. 1 Cir. 1972), the court construed LSA-R.S. 18:364(H). Citing both the Brown and Smith cases, supra, the court held:
“If the action of the committee in compiling and tabulating the results of the election and certifying and declaring the result thereof that Moseley was the Democratic nominee for the Judge of Division ‘K’ is not an official promulgation, then there is no statutory method prescribed for promulgation of the returns and the result of a primary election. This analysis would effectuate an untoward and impractical result and would make it cumbersome and almost impossible to determine the time of promulgation by the committee.” 266 So.2d 552
In Etheridge v. Doughty, 323 So.2d 160 (La.App. 1 Cir. 1975); writ of cert. den. 325 So.2d 613, for the reason “no error in the judgment”, the Court followed the holding in Cooper v. Broussard, supra. The Court also stated in conclusion:
“We interpret the foregoing to mean that certification of the result of the election by the Board is tantamount to promulgation thereof. R.S. 18:416(B) provides *409 that ‘all of these documents are public records and are open to inspection by anyone.’ The law does not provide for any notice or publication thereof beyond the certification to the Secretary of State.” 323 So.2d 162
Also supporting the result which we reach herein are State ex rel. Jeanfreau v. Giordano, 10 Orl.App. 98 (1912); State ex rel Munsterman v. DeArmas, 10 Orl.App. 99 (1912); Opinion, Attorney General, 1938 through 1940, page 233.
Plaintiff’s principal argument on appeal is that although he was present at the beginning of the meeting of the Board of Supervisors, and actually protested to the board the alleged fraudulent acts committed by Dupre, he left the meeting of the board before the results of the election were actually announced and therefore he had no actual notice as to any promulgation of these returns. Furthermore, plaintiff contends that he was advised by Mr. Brinkman, chairman of the board, that the official promulgation would be by publication in the newspaper. In our view, neither one of these circumstances can change the result in this case. Plaintiff admittedly was present at the meeting of the board and could have remained to hear the announcement of the results and promulgation of the returns. The fact that he left the meeting before the returns were announced could not change the law as to when the promulgation was effected. As to the alleged statements made by Brink-man, the testimony is somewhat vague. Plaintiff says he was told by Brinkman that promulgation would be by publication in the newspaper. However, Brinkman testified he told plaintiff he was uncertain as to when promulgation was effected under the new law. In any event, it is our view that regardless of what Brinkman told the plaintiff, this could not change the law as established by the above cited jurisprudence construing the statute with which we are concerned.
We conclude that under LSA-R.S. 18:420(H), and 18:364(H), the official promulgation of the result of the election occurred at the meeting of the Board of Supervisors of Elections for the Parish of St. Landry on February 24, 1976. Since this suit was not filed until Monday, March 1, 1976, it was not brought within two days after the official promulgation and must therefore be dismissed.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff-appellant.
AFFIRMED.
WATSON, J., dissents, being of the opinion that plaintiff’s rights were not prescribed under the particular facts of this and that the serious charge of buying votes should be tried on the merits.