924 So.2d 459 (2006)
Shelva GOLDEN, Plaintiff-Appellee,
v.
PATIENT'S COMPENSATION FUND OVERSIGHT BOARD, Defendant-Appellant.
No. 40,801-CA.
Court of Appeal of Louisiana, Second Circuit.
March 8, 2006.
*460 Roedel, Parsons, Koch, Blache, Balhoff & McCollister, A.L.C. by David A. Woolridge, Jr., Larry M. Roedel, Baton Rouge, for Appellant.
James D. Caldwell, Tallulah, for Appellee.
Before WILLIAMS, CARAWAY and MOORE, JJ.
CARAWAY, J.
The Louisiana Patient's Compensation Fund Oversight Board (the "PCF Board") appeals the trial court's judgment granting Shelva Golden's request that the Board be ordered to notify the attorney agreed to by the parties of his selection as chairman of the medical review panel. For the reasons assigned below, the judgment of the trial court is hereby affirmed.

Facts
On May 28, 2004, the Louisiana Division of Administration received a medical malpractice claim letter dated May 26, 2004. The claim was filed by Shelva Golden ("Golden") against Willis-Knighton Medical Center for negligent medical care allegedly received by her deceased husband between May 30, 2003 and June 17, 2003. The request was forwarded to the PCF Board and received on June 1, 2004. By letter dated June 3, 2004, the PCF Board acknowledged Golden's request for the medical review panel and notified her counsel that Willis-Knighton Medical Center was a qualified health care provider under the Medical Malpractice Act ("MMA").[1] The letter also contained the following:
In accordance with Act No. 961 of the 2003 Regular Session, which amended LA R.S. 40:1299.47.A.(1)(c), effective August 15, 2003, a filing fee of $100 per qualified defendant is due within 45 days from the date of this notice. Please remit a payment to the Patient's Compensation Fund in the amount of $100.00 (BALANCE DUE); fee may only be waived upon receipt of an affidavit from a physician or a district court's forma pauperis ruling as set forth in. LA R.S. 40:1299.47A.(1)(d) as amended by Act No. 961. Failure to comply shall render the request invalid and without effect and the request shall not suspend the time within which suit must be instituted.
On July 22, 2004, forty-nine days after the June 3 letter of the PCF, the PCF Board received from Golden a check for the $100.00 filing fee mailed together with a cover letter dated July 19, 2004, referencing Medical Review Panel No.XXXX-XXXXX. The check itself was dated July 19, 2004, and the envelope in which the letter and check were enclosed was postmarked July 20, 2004.
On July 21, 2004, counsel for Golden again informed the PCF Board by letter that the parties had selected an attorney-chairman *461 of the Medical Review Panel and requested that the PCF Board notify him accordingly. On July 26, 2004, the Executive Director of the PCF Board, Lorraine LeBlanc, responded to Golden's counsel as follows:
On June 3, 2004, we advised you the under LA R.S. 40:1299.47.A(1)(c), (d) as amended by Act No. 961 of the 2003 Regular Session, you had 45 days to remit a filing fee of $100, a physician's affidavit, or a forma pauperis ruling and that failure to comply with the provisions of the Act would render your request for review invalid and without effect.
You have failed to comply with the time allowed; thus the above-cited case is no longer considered by this office. By copy of this letter, we are notifying all parties of this declaration.
With Golden's $100.00 check having been cashed by the PCF Board, a second letter from LeBlanc to Golden's counsel advised him that the filing fee was received on July 22, 2004, "beyond the time specified," and that the amount paid was being returned.
As a result of the PCF Board's position, Golden filed a Rule to Show Cause in district court alleging that the PCF Board was charged with a statutory ministerial duty under La. R.S. 40:1299.47(C) to notify the attorney-chairman of the medical review panel of his appointment and that the PCF Board had failed and refused to discharge its duty in connection with this case. In response, the Board admitted that Golden had filed a request for a medical review panel, and admitted receiving a letter dated July 21, 2004, advising that the parties had selected an attorney-chairman for the medical review panel. The PCF Board answered, alleging that "upon [claimant's] panel request being rendered invalid and without effect for the plaintiff's failure to timely remit the $100.00 filing fee to the Oversight Board, the Oversight Board was no longer required to participate in the medical review panel process."
The hearing occurred on July 12, 2005. LeBlanc and Golden's counsel each testified. No one's testimony identified the date of the mailing or the date of Golden's receipt of the initial June 3, 2004, letter of the PCF Board requesting the $100.00 filing fee.
After hearing the evidence and argument, the trial court ruled that the PCF Board "exceeded its authority in interpreting legislation that the check was untimely remitted." The trial court judgment ordered the PCF Board to notify the attorney chairman of the medical review panel of his selection by the parties. It is from this judgment that the PCF Board appeals.

Discussion
In attempting to present her claim to a medical review panel, Golden met with opposition to the process, not from the defendant/medical care provider, Willis-Knighton, but from the PCF Board, which is responsible for certain clerical duties pertaining to the statutory process. The board is charged under Section 1299.47(A)(3) with the following duties:
(3) It shall be the duty of the board within fifteen days of the receipt of the claim by the board to:
(a) Confirm to the claimant that the filing has been officially received and whether or not the named defendant or defendants have qualified under this Part.[2]

*462 (b) In the confirmation to the claimant pursuant to Subparagraph (a) of this Paragraph, notify the claimant of the amount of the filing fee due and the time frame within which such fee is due to the board, and that upon failure to comply with the provisions of Subparagraph (1)(c) or (d) of this Subsection, the request for review of a malpractice claim is invalid and without effect and that the request shall not suspend the time within which suit must be instituted in Subparagraph (2)(a) of this Subsection.
(c) Notify all named defendants, whether or not qualified under the provisions of this Part, that a filing has been made against them and request made for the formation of a medical review panel; and forward a copy of the proposed complaint to each named defendant at his last and usual place of residence or his office.
The amount of the filing fee was $100.00 since there was one qualified health care provider involved in the claim, and the applicable "time frame" was 45 days "from the mailing date" of the PCF Board confirmation. La. R.S. 40:1299.47(A)(1)(c).
After fulfilling its duties under Section 1299.47(A)(3) by its letter dated June 3, 2004, the PCF Board unilaterally determined that Golden was at least two days late fulfilling the 45-day requirement. The PCF Board took the position that Golden's claim is "invalid and without effect" and enforced its statutory interpretation by refusing to render further clerical duties under the Act.
In the unusual posture of this dispute, we first observe that the action presents a claim for mandamus, as has been previously required to be employed against the PCF Board. In re Medical Review Panel of Pierson, 02-1598 (La.App. 1st Cir.5/9/03), 845 So.2d 1275, writ denied, 03-1559 (La.10/10/03), 855 So.2d 324. The action seeks an order from the court requiring the PCF Board to further process the panel proceedings pursuant to its statutory duties. It is not a MMA designated action that might be initiated in the district court during the pendency of the panel process, such as the defendant's action to raise the exception of prescription pursuant to Section 1299.47(B)(2)(a) of the Act.
In Walker v. Rinicker, 28,179 (La. App.2d Cir.4/3/96), 671 So.2d 1267, writ denied, 96-1103 (La.6/7/96), 674 So.2d 977, we discussed the mandamus action, as follows:
In the Revised Statutes, the word "shall" indicates a mandatory duty. La. R.S. 1:3; C.C.P. art. 5053; State Dept. of Rev. v. Succession of Pope, 22,351 (La. App.2d Cir.5/8/91), 579 So.2d 1152, writ denied 91-1303 (La.9/27/91), 585 So.2d 566.
A writ of mandamus is a writ directing, inter alia, a public officer to perform a ministerial duty required by law. La. C.C.P. arts. 3861, 3863. The prescribed duty must be purely ministerial; mandamus will not lie to compel performance of an act which contains any element of discretion, however slight. Felix v. St. Paul Fire & Marine Ins. Co., 477 So.2d 676 (La.1985); Terral Barge Line Inc. v. Madison Parish Port Com'n, 22,251 (La. App.2d Cir.4/3/91), 577 So.2d 787. Mandamus may issue where the law provides no relief by ordinary means or where the delay involved in pursuing ordinary means may cause injustice. La. C.C.P. art. 3862. The proper function of the writ of mandamus is to compel the doing of a specific thing; it must indicate the precise thing to be done. State v. *463 Mayor and Bd. of Aldermen of the City of Tallulah, 549 So.2d 891 (La.App. 2d Cir.1989), writ denied, 556 So.2d 39 (1990).
The duties of the PCF Board under Section 1299.47(A)(3) are clearly mandatory duties of a clerical nature to facilitate the panel process. The adversarial parties in the panel proceedings are the claimant and the qualified health care provider, not the PCF Board. The PCF Board is granted no authority in the law to issue a "declaration" stopping the process, except implicitly to the extent that the filing fee is never paid. The MMA expressly directs the PCF Board in Section 1299.47(A)(4)(d) to notify all parties when the required filing fee is not timely paid. That is all that it is required to do, and no other statutory directive or authority to act is imposed on the PCF Board.
While we therefore find no standing for the PCF Board to contest Golden's claim, we will nevertheless examine its assertion regarding the effect of the disputed provision. Section 1499.47(A)(1)(e) of the Act states that a claimant's failure to comply within the 45-day period for the submission of the filing fee "shall render the request for review of a malpractice claim invalid and without effect." The statute goes on to elaborate that "[s]uch an invalid request for review of a malpractice claim shall not suspend the time within which suit must be instituted in Subparagraph (2)(a) of this Subsection." The invalidity effect therefore is explained in the statute in relation to the suspension of prescription against the plaintiff's malpractice claim. The filing of the request for the review panel suspends prescription running under La. R.S. 9:5628 against the plaintiff's claim. La. R.S. 40:1299.47(A)(2)(a). Medical malpractice claims must be filed within one year of the date of the alleged act of negligence, or within one year of the date of discovery; however, in all events, such claims must be filed within three years of the act of negligence. La. R.S. 9:5628. Davis v. Willis-Knighton Medical Center, 32,193 (La. App.2d Cir.8/18/99), 738 So.2d 1191, writ denied, 99-2712 (La.12/10/99), 751 So.2d 254.
Apparently, the PCF Board would interpret the statutory language, "invalid and without effect," more broadly than just causing an impact on the suspension of prescription. It would render Golden's claim totally invalid regardless of whether or not the applicable prescriptive time for the action was close to being tolled. Presumably, it would not accept any refiling attempt, nor would it view the plaintiff's late presentation of the filing fee as a new filing. Instead, it barred plaintiff's recourse to the judicial process with an overly broad, extrajudicial view of the statutory invalidity provision.
When the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law. La. C.C. art. 10. Statutory interpretation must consider the context of the questioned provision, which, in this case, involves the lapse of a 45-day time period. Therefore, within the total context, the invalidity concept addresses a late filing's effect on the suspension of prescription. Moreover, statutory interpretation should not lead to absurd consequences, and the view that Golden's filing fee submission, reputedly received two days late, results in the total invalidity of the claim, over and beyond the concept of prescription, is absurd. For example, if the act of malpractice or Golden's discovery of the malpractice had occurred only days before her initial filing of the claim in May 2004, her two-day delinquency in July 2004 could not cause the total invalidity of her claim, *464 which would effectively impose a two-month prescriptive period on it.
Despite any delinquency in the submission of the filing fee, even with the statute's suspending effect on prescription briefly ending, the panel process may continue, prescription has not necessarily run, and suspension begins anew. Interpreting the effect of suspension of prescription caused by the panel review process, the Supreme Court has indicated that upon conclusion of suspension, as provided in the MMA, plaintiffs are entitled to the period of time under La. R.S. 9:5628 that remains unused when the request for a medical review panel was filed. Guitreau v. Kucharchuk, 99-2570 (La.5/16/2000), 763 So.2d 575. Likewise, the First Circuit properly mandamused the PCF Board for its refusal to allow the refiling of a claim in the Pierson case, supra. Considered together, those two cases show that the panel proceeding should continue.
Thus, we interpret the "invalid and without effect" language as pertaining to the suspension of prescription which occurs during the pendency of the review panel process. With that interpretation, it is not the PCF Board's place to assert prescription and effectively dismiss plaintiff's claim with prejudice. The defendant alone may choose to assert prescription.
Accordingly, the trial court was correct in concluding that "the PCF Board exceeded its authority in interpreting legislation that the check was untimely remitted." The mandamus order is affirmed. Costs of $144.00 are assessed against the Louisiana Patient's Compensation Fund Oversight Board in accordance with La. R.S. 13:5112.
AFFIRMED.
NOTES
[1] La. R.S. 40:1299.41, et seq.
[2] By Act No. 127 of 2005, this provision was changed to read as follows: (a) Confirm to the claimant by certified mail, return receipt requested, that the filing has been officially received and whether or not the named defendant or defendants have qualified under this Part.