979 So.2d 489 (2007)
Garland LATIOLAIS
v.
Cheryl JACKSON and Patient's Compensation Fund.
No. 2006 CW2403.
Court of Appeal of Louisiana, First Circuit.
November 2, 2007.
*490 James McManus, Lafayette, Louisiana, for Plaintiff/Appellee, Garland Latiolais.
David A. Woolridge, Jr., Larry M. Roedel Carlton, Jones, III, Baton Rouge, Louisiana, for Defendant/Appellant, Cheryl Jackson and Patient's Compensation Fund.
Before GAIDRY, McDONALD, and McCLENDON, JJ.
GAIDRY, J.
This matter arises from a suit for damages and for mandamus filed against the Patient's Compensation Fund ("PCF"). For the following reasons, we convert the appeal to an application for supervisory review, grant writs, and reverse the judgment of the trial court granting the mandamus.

FACTS AND PROCEDURAL HISTORY
On January 21, 2004, Garland Latiolais filed a petition for a medical review panel, alleging an act of medical malpractice that occurred in January 2003.[1] The PCF mailed a letter dated February 10, 2004 to Mr. Latiolais's attorney, Mr. James Patrick MacManus, acknowledging receipt of the January 21, 2004 request for a medical review panel, assigned PCF# XXXX-XXXXX. This letter also contained the following notice regarding filing fees:
In accordance with Act No. 961 of the 2003 Regular Session, which amended [La. R.S. 40:1299.47(A)(1)(c)], effective August 15, 2003, a filing fee of $100 per qualified defendant is due within 45 days from the date of this notice. Please remit a payment to the Patient's Compensation *491 Fund in the amount of $200.00. This filing fee may only be waived upon receipt of an affidavit from a physician or a district court's forma pauperis ruling as set forth in [La. R.S. 40:1299.47(A)(1)(d)] as amended by Act No. 961. Failure to comply shall render the request invalid and without effect and the request shall not suspend the time within which suit must be instituted.
The defendant health care providers were also notified of the claim and the filing fee requirements.
In an April 22, 2004 letter, the PCF notified all parties to the action that because Mr. MacManus failed to timely comply with the statutory filing requirements, as outlined in the PCF's February 10, 2004 letter, Mr. Latiolais's claim "is no longer considered filed by this office."
On April 27, 2004, Mr. Latiolais refiled his Petition for Medical Review Panel. Accompanying the April 27 petition was a letter from Mr. MacManus claiming that he never received the February 10 letter from the PCF. In a May 7, 2004 letter, the PCF acknowledged receipt of the April 27, 2004 Petition for Medical Review Panel, assigned PCF# 2004-679, and again notified the plaintiff of the 45-day requirement for paying a filing fee or submitting a pauper order or physician's affidavit. The PCF also notified the defendant health care providers of the claim and of the filing fee requirements.
A pauper order, signed by a district judge on June 9, 2004, was received by the PCF on June 17, 2004.[2] In Mr. MacManus's June 9, 2004 letter accompanying the pauper order, he informs the PCF:
[The pauper order] applies to both [Mr. Latiolais's] Petitions for Medical Review Panel: 2204-118 and 2004-679. It is our position that this in forma pauperis cures any problems with the original petition for medical review panel (January 16, 2004), since no notice was received informing us of the possible dismissal until April 22, 2004. This is within 45 days of that notice and since, in an abundance of caution, we have refiled, it is also within 45 days of the subsequent petition and this applies to both.
Nothing further from the medical review panel proceedings is contained in the record. On November 5, 2004, Mr. Latiolais filed a petition for damages against Cheryl Jackson, the Malpractice Insurance Director of the PCF, and the PCF. In his petition, Mr. Latiolais alleges that neither he nor his counsel received the February 10, 2004 letter from the PCF and that they received no other correspondence from the PCF prior to the April 22, 2004 letter notifying him that his claim was no longer considered filed. He asserts that his April 27, 2004 claim is "now in the process of being dismissed on the basis that it has prescribed." Mr. Latiolais alleges that Ms. Jackson[3] and the PCF are *492 at fault in dismissing his claims and that their fault has caused him damages including anxiety, anger, other mental damages, delay due to his case-in-chief being dropped, loss of his cause of action in his case-in-chief, and other damages. In addition to asking the court to award him damages, Mr. Latiolais also asks the court to order Ms. Jackson and the PCF to reinstate his claim and rescind their dismissal of his original claim. Mr. Latiolais filed a First Amending Petition for Damages and Writ of Mandamus requesting, in addition to damages, a writ of mandamus ordering the defendants to reinstate his claim and rescind their dismissal of his first claim.
At the trial of this matter, Mr. MacManus told the court that the parties had agreed to "take up separately the writ of mandamus without prejudicing our right to go forward with the rest of our suit later." After the conclusion of the trial, the court rendered judgment in favor of Mr. Latiolais, ordering the defendants to reconstitute Mr. Latiolais's petition under PCF# XXXX-XXXXX, nullifying the PCF's declaration that PCF# XXXX-XXXXX was to be considered as not filed or without effect, ordering the PCF to receive the pauper order, and assessing all costs against Ms. Jackson and the PCF. No mention was made in the judgment of Mr. Latiolais's request for damages, and the judgment was not designated as final for appeal purposes under La. C.C.P. art. 1915(b). The PCF appealed suspensively from this judgment.
As this partial judgment was not certified as final by the trial court, we lack jurisdiction to hear this appeal. However, because the record is already before us, judicial efficiency and the interests of justice may best be served by asserting our plenary power to exercise supervisory jurisdiction at this time. See Succession of Brantley, 96-1307, p. 6 (La.App. 1 Cir. 6/20/97), 697 So.2d 16, 19. Therefore, in the interest of judicial economy, we will convert the PCF's appeal to an application for supervisory review and grant writs. We will now address the merits of this matter.

DISCUSSION
Mandamus is a writ compelling a public officer to perform a ministerial duty required by law. La. C.C.P. arts. 3861 and 3863. Mandamus is appropriate to compel the performance of a purely ministerial duty, meaning one which is so clear and simple that it does not call for the exercise of judgment and discretion by the officer or body at whose hands the performance is required. Allen v. St. Tammany Parish Police Jury, 96-0938 (La. App. 1 Cir. 2/14/97), 690 So.2d 150, 153. Mandamus is to be used only when there is a clear and specific legal right to be enforced or a duty which ought to be performed; it never issues in doubtful cases. Wiginton v. Tangipahoa Parish Council, 00-1319 (La.App. 1 Cir. 6/29/01), 790 So.2d 160, 163, writ denied, 01-2541 (La.12/7/01), 803 So.2d 971.
In Golden v. Patient's Compensation Fund Oversight Bd., 40,801 (La.App. 2 Cir. 3/8/06), 924 So.2d 459, writ denied, 06-0837 (La.6/2/06), 929 So.2d 1261, the Second Circuit granted a writ of mandamus ordering the PCF to allow the plaintiff to continue with the medical review panel process despite her failure to pay the filing fee timely. In Golden, the plaintiff submitted the filing fee after the 45-day *493 time period had expired. After paying the filing fee, the plaintiff notified the PCF that the parties had selected an attorney-chairman of the Medical Review Panel and wished to have the board notify him of their decision. The PCF returned the untimely filing fee and refused to notify the attorney-chairman because it no longer considered the claim filed, due to the plaintiff's failure to pay the filing fee timely. The Second Circuit held that the PCF's duties under La. R.S. 40:1299.47(A)(3) are "mandatory duties of a clerical nature to facilitate the panel process," and the PCF had no authority to unilaterally stop the process as they did in this case. The court interpreted the "invalid and without effect" language of the statute as:
pertaining to the suspension of prescription which occurs during the pendency of the review panel process. With that interpretation, it is not the [PCF's] place to assert prescription and effectively dismiss plaintiff's claim with prejudice. The defendant alone may choose to assert prescription.
The only thing the PCF is authorized to do when the required filing fee is not timely paid is to notify all the parties. Golden, 924 So.2d at 463-64.
In the instant case, the trial court stated in its written reasons for judgment that:
the PCF should accept Mr. Latiolais' refiling of April 27, 2004. The PCF should have sent out notice to the parties again, and let Mr. Latiolais' counsel know that he had 45 days to render a filing fee or an in forma pauperis ruling. The PCF does not have the authority to dismiss Mr. Latiolais' claim with prejudice. The defendants must assert prescription if that claim is viable, and the PCF must continue to perform its ministerial duties.
The facts of this case as described by the court in its written reasons for judgment do not match what we have found in the record. We cannot find any evidence in the record that the PCF did not "accept" the April 27, 2004 petition. In fact, the record reveals that the PCF did send out notice to the parties again informing them of the 45 day time period for paying the fees or submitting a pauper order or physician's affidavit. Furthermore, the record contains no evidence that the PCF dismissed Mr. Latiolais's claim with prejudice. While Mr. Latiolais's petition for damages in this suit alleges that his April 27, 2004 petition for medical review panel "is now in the process of being dismissed on the basis that it has prescribed because it was filed [more than] one year from the date of his injury," there is no evidence in the record of any such action being taken by the PCF or Jackson, or, for that matter, by either of the defendant health care providers.
The trial court erred in granting mandamus in this case ordering the defendants to reconstitute Latiolais's January 21, 2004 petition and nullifying the PCF's declaration that the January 21, 2004 petition is considered as not filed or without effect. The PCF did not overstep its authority in this case as it did in Golden. Latiolais was not prevented from continuing the process, and in fact did proceed to assert his claim. The PCF accepted the filing of his April 27, 2004 petition and sent out the notice letter to all parties just as it had with the January 21, 2004 petition. Therefore, there is no basis for the trial court's judgment.
The judgment of the trial court granting the writ of mandamus is reversed. Costs of this appeal are assessed to the plaintiff, Garland Latiolais.
*494 APPEAL CONVERTED TO WRIT; WRIT GRANTED; REVERSED.
McCLENDON, J., concurs with the result reached by the majority.
NOTES
[1] The exact date of the alleged malpractice is not clear. The April 27, 2004 Petition for Medical Review Panel states that the act of alleged malpractice occurred on January 30, 2003, but the November 5, 2004 Petition for Damages states that the malpractice occurred on January 21, 2003.
[2] The plaintiff repeatedly asserts that he submitted a pauper order on May 28, 2004; however, May 28 is merely the date on which his affidavit was notarized. The pauper order was not signed by the court until June 9, 2004, and Mr. MacManus's letter to the PCF accompanying the order was also dated June 9, 2004. The PCF received the signed pauper order on June 17, 2004.
[3] In his petition, Mr. Latiolais alleges that Ms. Jackson sent out the April 22, 2004 letter notifying plaintiff that his suit was no longer considered filed. However, the April 22, 2004 letter was signed by Lorraine LeBlanc, Executive Director of the PCF. Ms. Jackson only signed the February 10, 2004 and May 7, 2004 letters from the PCF acknowledging receipt of the petitions for medical review panel and notifying Mr. Latiolais of the 45-day period within which he must either pay the filing fee or submit a pauper order or physician's affidavit.