991 So.2d 551 (2008)
Onia MORRIS
v.
PATIENT'S COMPENSATION FUND OVERSIGHT BOARD.
No. 2007 CA 2468.
Court of Appeal of Louisiana, First Circuit.
May 28, 2008.
*552 Todd R. Slack Metairie, Louisiana, for Plaintiff/Appellant, Onia Morris.
David A. Woolridge, Jr., Carlton Jones, III, Baton Rouge, Louisiana, for Defendant/Appellee, Patient's Compensation Fund Oversight Board.
Before GAIDRY, McDONALD, and McCLENDON, JJ.
GAIDRY, J.
The plaintiff, Onia Morris, appeals a judgment denying her petition for a writ of mandamus directed to the Louisiana Patient's Compensation Fund Oversight Board, seeking to compel it to treat her request for a medical malpractice review panel as valid and to proceed with the review panel process. For the following reasons, we affirm the trial court's judgment.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY
The plaintiff, Onia Morris, filed a request for a medical review panel with the state Division of Administration on August 4, 2005, asserting a claim for medical malpractice against North Oaks Medical Center as the result of an injury that occurred on August 24, 2004. The request was received by the Louisiana Patient's Compensation Fund Oversight Board (the Oversight Board) on August 8, 2005. On August 11, 2005, the Oversight Board wrote to plaintiff's attorney by certified mail, acknowledging receipt of the request and advising him of the necessity of submitting a $100.00 filing fee within 45 days of the date of its letter. Plaintiff's attorney received the Oversight Board's letter on August 16, 2005, as evidenced by the certified mail receipt.
On August 29, 2005, southeastern Louisiana was struck by Hurricane Katrina, which devastated the New Orleans area. The office and home of plaintiff's attorney were in New Orleans. He had brought some client files, including that relating to plaintiff's claim, to his home office to work on during the weekend before the hurricane struck. The home office was flooded, and the file relating to plaintiff's claim was destroyed.
On September 6, 2005, Governor Kathleen Babineaux Blanco issued Executive Order KBB 2005-32, following her earlier proclamation of a state of emergency for the entire state. Executive Order KBB 2005-32 ordered that "[a]ll deadlines in legal proceedings, including liberative prescriptive and peremptive periods in all *553 courts" were suspended "until at least September 25, 2005," and that the order applied retroactively from August 29, 2005. By Executive Order KBB 2005-48, issued on September 23, 2005, Governor Blanco extended the suspension of all deadlines in legal proceedings until October 25, 2005, again applicable statewide.[1] The legislature was called into special session from November 6 to November 18, 2005, and enacted legislation ratifying the governor's action in issuing the executive orders. See La. R.S. 9:5821, enacted by Acts 2005, 1st Ex.Sess., No. 6, § 1, effective November 23, 2005.
The law firm of plaintiff's attorney reopened its practice in New Roads, Louisiana, around the beginning of October 2005. Plaintiff's attorney was not able to return to work in his New Orleans office until mid-December 2005.
On February 15, 2006, the Oversight Board wrote to plaintiff's attorney by certified mail, advising him that it had not received the required $100.00 filing fee within the 45-day period specified by law, taking into account the hurricane-related suspension of legal deadlines.[2] It further advised plaintiff's attorney that, under those circumstances, plaintiff's request for a medical review panel would no longer be considered filed. The letter was received by plaintiff's attorney on February 28, 2006.
By letter dated March 14, 2006, sent by facsimile telecopier, plaintiff's attorney wrote to the Oversight Board, explaining his office's situation due to Hurricane Katrina, claiming that he was unaware that the filing fee had not been paid, and requesting that the medical review panel request be "reinstated."[3] On April 21, 2006, plaintiff's attorney again wrote to the Oversight Board by mail and facsimile telecopier, advising the Oversight Board that it did not have the authority to "dismiss Ms. Morris' claim as it has done," enclosing a check in the amount of $100.00, dated April 21, 2006, and advising it that he and plaintiff "will proceed with the claim as previously stated." On the same date, the Oversight Board replied by facsimile telecopier, advising plaintiff's attorney that it would maintain its position that the request for a medical review panel was invalid.
*554 On April 26, 2006, the Oversight Board again wrote to plaintiff's attorney by certified mail, returning the check dated April 21, 2006, and advising that the request for a medical review panel was still considered invalid by the Oversight Board.
On February 15, 2007, plaintiff instituted the present action for mandamus, alleging that the Oversight Board "arbitrarily and in violation to [sic] Louisiana law dismissed her medical malpractice claim." In addition to the Oversight Board, the health care provider, North Oaks Medical Center, was also served with the petition. After the Oversight Board filed its answer, the matter was set for trial on April 30, 2007.
The matter proceeded to trial as scheduled. The trial court took the matter under advisement and, following the submission of post-trial memoranda, issued written reasons for judgment on June 27, 2007. Its judgment denying plaintiff's request for a writ of mandamus was signed on July 12, 2007. This appeal followed.

ASSIGNMENT OF ERROR
We paraphrase plaintiff's assignment of error as follows:
The trial court erred in failing to grant a writ of mandamus, ordering the Oversight Board to proceed with plaintiff's medical review panel proceeding, thereby failing to afford plaintiff due process by permitting the Oversight Board to dismiss her medical malpractice claim without notice or an opportunity to be heard.

DISCUSSION
Mandamus is a writ directing a public officer to compel the performance of a ministerial duty required by law. La. C.C.P. arts. 3861 and 3863. Mandamus is to be used only when there is a clear and specific legal right to be enforced or a duty that ought to be performed. It never issues in doubtful cases, Wiginton v. Tangipahoa Parish Council, 00-1319, p. 4 (La. App. 1st Cir.6/29/01), 790 So.2d 160, 163, writ denied, 01-2541 (La.12/7/01), 803 So.2d 971. It has been held that the duties of the Oversight Board under La. R.S. 40:1299.47(A) are mandatory duties of a clerical or ministerial nature to facilitate the medical review process. Bosarge v. La. Patient's Comp. Fund, 06-1354, p. 6 (La.App. 1st Cir.5/4/07), 960 So.2d 1063, 1067.
Louisiana Revised Statutes 40:1299.47(A)(1)(c) and (e) establish the amount and time period within which a medical malpractice claimant must pay a filing fee with the Oversight Board, and the legal effect of the failure to do so:
(c) A claimant shall have forty-five days from the mailing date of the confirmation of receipt of the request for review in accordance with Subparagraph (3)(a) of this Subsection to pay to the board a filing fee in the amount of one hundred dollars per named defendant qualified under this Part.
...
(e) Failure to comply with the provisions of Subparagraph (c) or (d) of this Paragraph within the specified time frame in Subparagraph (c) of this Paragraph shall render the request for review of a malpractice claim invalid and without effect. Such an invalid request for review of a malpractice claim shall not suspend time within which suit must be instituted in Subparagraph (2)(a) of this Subsection. (Emphasis supplied.)
Louisiana Revised Statutes 40:1299.47(A)(3) imposes a duty upon the Oversight Board to notify a medical malpractice claimant of its receipt of a request for a medical review panel and the amount *555 and deadline for filing of the required filing fee:
(3) It shall be the duty of the board within fifteen days of the receipt of the claim by the board to:
(a) Confirm to the claimant by certified mail, return receipt requested, that the filing has been officially received and whether or not the named defendant or defendants have qualified under this Part.
(b) In the confirmation to the claimant pursuant to Subparagraph (a) of this Paragraph, notify the claimant of the amount of the filing fee due and the time frame within which such fee is due to the board, and that upon failure to comply with the provisions of Subparagraph (1)(c) or (d) of this Subsection, the request for review of a malpractice claim is invalid and without effect and that the request shall not suspend the time within which suit must be instituted in Subparagraph (2)(a) of this Subsection. (Emphasis supplied.)
Finally, La. R.S. 40:1299.47(A)(2)(b) expressly conditions the effective date of filing of the request for a medical review panel upon timely payment of the required filing fee:
(b) The request for review of a malpractice claim under this Section shall be deemed filed on the date of receipt of the request stamped and certified by the division of administration or on the date of mailing of the request if mailed to the division of administration by certified or registered mail only upon timely compliance with the provisions of Subparagraph (1)(c).... (Emphasis supplied.)
Plaintiff claims that her medical malpractice claim was "dismissed" by the Oversight Board by reason of her failure to timely submit the required filing fee, and that it exceeded its statutory duty in doing so, citing Golden v. Patient's Comp. Fund Oversight Bd., 40,801 (La.App. 2nd Cir.3/8/06), 924 So.2d 459, writ denied, 06-0837 (La.6/2/06), 929 So.2d 1261. In Golden, also involving a late submission of a filing fee, the second circuit held that the Oversight Board had no statutory authority to unilaterally declare a medical malpractice claim "totally invalid" or to refuse to "accept any refiling attempt" or render further clerical duties in connection with the medical review panel process. Id., 40,801 at p. 7, 924 So.2d at 463. The Second Circuit concluded that the Oversight Board had no authority "to assert prescription and effectively dismiss [the] plaintiff's claim with prejudice." Id., 40,801 at p. 8, 924 So.2d at 464.
We find Golden distinguishable. Nothing in the record before us supports plaintiff's characterization of the Oversight Board's action as a "dismissal" of her medical malpractice claim. The Oversight Board did not purport to "dismiss" plaintiff's medical malpractice claim or cause of action, or otherwise attempt to assert prescription. There is nothing to suggest that plaintiff could not submit a new request for a medical review panel, thereby instituting a new panel process. See Latiolais v. Jackson, 06-2403, pp. 3-4 (La.App. 1st Cir.11/2/07), 979 So.2d 489, 491-91.
Not only did the Oversight Board not overstep its statutory authority in this matter, we conclude that it had a mandatory ministerial duty, imposed by statute, to treat plaintiff's August 4, 2005 request for a medical review panel as "invalid and without effect." The trial court was correct in concluding that "[t]he plain language of the statute compels this result." The Oversight Board complied with its statutory duty in that regard. Plaintiff is not entitled to a writ of mandamus compelling the Oversight Board to take action in direct conflict with its statutory duty.
*556 The judgment of the trial court is affirmed. All costs of this appeal are assessed to the plaintiff, Onia Morris.
AFFIRMED.
McCLENDON, J., Concurs with Result Reached by the majority.
NOTES
[1] The disastrous effects of Hurricane Katrina were followed by those of Hurricane Rita, which made landfall on September 24, 2005, devastating the southwestern area of the state. On October 19, 2005, Governor Blanco issued Executive Order KBB 2005-67, extending the suspension of "[l]iberative prescriptive and peremptive periods" statewide until November 25, 2005. However, the suspension of all other deadlines in legal proceedings was to end on October 25, 2005, as provided in Executive Order KBB 2005-48, except for those parishes affected by Hurricane Rita. Executive Order KBB 2005-67 provided that deadlines in legal proceedings in the latter parishes (the parishes of Calcasieu, Cameron, Jefferson Davis, and Vermilion) were suspended until November 25, 2005.
[2] Taking into account the suspension of the deadline from August 29, 2005 through October 25, 2005, the 45-day period ended on Sunday, November 27, 2005, giving plaintiff until Monday, November 28, 2005, to submit the filing fee. Parenthetically, we note that La. R.S. 9:5824(B)(1) authorized a party whose attorney's office is in Orleans Parish to seek, under certain circumstances, an additional extension of legal deadlines by contradictory motion or declaratory judgment, or to assert those circumstances as a defense to an exception of prescription. But as plaintiff did not seek to invoke the benefit of those provisions, they have no bearing upon our determination of this appeal.
[3] Although the March 14, 2006 letter referred to the submission of a check in the amount of $100.00, there is no evidence in the record demonstrating that that check was in fact sent to the Oversight Board.