WALTER J. ROTHSCHILD, Judge.
 

 | sIn this medical malpractice case, appellants seek review of a trial court ruling on issues of prescription and constitutionality of the statute. For the reasons stated herein, we affirm the trial court’s judgment.
 

 On October 13, 2006,
 
 [1]
 
 Henry Walton, acting through power of attorney held by The Rev. James Smart, III, filed a claim for medical malpractice and a request for a medical review panel against seven healthcare providers as a result of alleged malpractice occurring between October 20 and November 8, 2005. By two letters dated November 1 and 13, 2006, the Patient’s Compensation Fund (PCF) acknowledged receipt of the claim and verified the status of the named healthcare providers. This correspondence also contained the following statements:
 

 In accordance with Act No. 961 of the 2003 Regular Session, which amended LA R.S. 40:1299.47 A(l)(c), effective August 15, 2003, a filing fee of $100 per qualified defendant is due within 45 days from the postmarked date of this notice. * * * Failure to comply shall render the request invalid and without effect and the request shall not suspend the time within which suit must be instituted.
 

 14Henry Walton died on November 28, 2006. On January 9, 2007, counsel for Mr. Walton remitted the filing fee for this claim to the Patient’s Compensation Fund. By letter dated January 22, 2007, the Patient’s Compensation Fund notified the attorney for the claimant that the filing fees remitted for this claim were received beyond the time allotted by statute, and the claim was therefore considered to be invalid and without effect.
 

 In the meantime, on January 11, 2007, a separate but identical claim for the alleged malpractice to Henry Walton was filed by appellants herein, Rev. James Smart, III, Janice Furbush, Eugene Smart and Justin
 
 *1122
 
 Smart, the closest living heirs of the decedent Henry Walton. On January 18, 2007, the Patient’s Compensation Fund acknowledged receipt of this “amended claim” and on April 19, 2007 the PCF notified attorney for the claimants that the amended claim was assigned a separate number. The statutory filing fees for this claim were timely paid as evidenced by letter dated April 19, 2007.
 

 Thereafter, the defendant healthcare providers filed peremptory exceptions of prescription on the basis of La. R.S. 9:5628 which provides for a one-year prescriptive period for medical malpractice actions. Defendants argued that both the first malpractice claim filed on October 13, 2006 and the second claim filed on January 11, 2007 are prescribed and should be dismissed.
 

 Appellants responded with an opposition to the exception of prescription as well as a Motion to Declare the Statute Unconstitutional. Based on the allegations regarding constitutionality of the challenged statute, an intervention into these proceedings was subsequently filed by the State of Louisiana through the Attorney General. Following a hearing, the trial court | ^granted the exception of prescription and denied the motion to declare the statute unconstitutional. This appeal followed.
 

 Medical malpractice claims must be filed within one year of the date of the alleged act of negligence, or within one year of the date of discovery; however, in all events, such claims must be filed within three years of the act of negligence. La. R.S. 9:5628. Further, La. R.S. 40:1299.47(A) provides in pertinent part:
 

 A. (l)(a) All malpractice claims against health care providers covered by this Part, other than claims validly agreed for submission to a lawfully binding arbitration procedure, shall be reviewed by a medical review panel established as hereinafter provided for in this Section. The filing of a request for review by a medical review panel as provided for in this Section shall not be reportable by any health care provider, the Louisiana Patient’s Compensation Fund, or any other entity to the Louisiana State Board of Medical Examiners, to any licensing authority, committee, or board of any other state, or to any credentialing or similar agency, committee, or board of any clinic, hospital, health insurer, or managed care company.
 

 ⅜ * ⅜
 

 (c) A claimant shall have forty-five days from the mailing date of the confirmation of receipt of the request for review in accordance with Subparagraph (3)(a) of this Subsection to pay to the board a filing fee in the amount of one hundred dollars per named defendant qualified under this Part.
 

 (d) Such filing fee may be waived only upon receipt of one of the following:
 

 (i) An affidavit of a physician holding a valid and unrestricted license to practice his specialty in the state of his residence certifying that adequate medical records have been obtained and reviewed and that the allegations of malpractice against each defendant health care provider named in the claim constitute a claim of a breach of the applicable standard of care as to each named defendant health care provider.
 

 (ii) An in forma pauperis ruling issued in accordance with Louisiana Code of Civil Procedure Article 5181 et seq. by a district court in a venue in |(iwhich the malpractice claim could properly be brought upon the conclusion of the medical review panel process.
 

 (e) Failure to comply with the provisions of Subparagraph (c) or (d) of this Paragraph within the specified forty-five day time frame in Subparagraph (c) of
 
 *1123
 
 this Paragraph shall render the request for review of a malpractice claim invalid and without effect. Such an invalid request for review of a malpractice claim shall not suspend time within which suit must be instituted in Subparagraph (2)(a) of this Subsection.
 

 (f) All funds generated by such filing fees shall be private monies and shall be applied to the costs of the Patient’s Compensation Fund Oversight Board incurred in the administration of claims.
 

 (g) The filing fee of one hundred dollars per named defendant qualified under this Part shall be applicable in the event that a claimant identifies additional qualified health care providers as defendants. The filing fee applicable to each identified qualified health care provider shall be due forty-five days from the mailing date of the confirmation of receipt of the request for review for the additional named defendants in accordance with R.S. 40:1299.47(A)(3)(a).
 

 In the present case, claimant Henry Walton through The Rev. James Smart, III as power of attorney, filed the original claim for malpractice and submitted a request for a medical review panel by letter dated October 18, 2006. The Patient’s Compensation Fund confirmed receipt of this request by separate letters dated November 1 and 18, 2007. Pursuant to the mandatory provisions of La. R.S. 40:1299.47(A), filing fees in the amount of $100 per defendant were due no later than 45 days from the dates of these letters.
 

 The record indicates that the filing fees were remitted by the attorney for claimant on January 9, 2008, outside of the 45 day period proscribed by the statute. Although the record also shows that claimant died within the 45 day period, there is no provision in the law which allows a longer period 17within which to pay the fees under such circumstance.
 
 [2]
 
 The law does allow the fees to be waived in certain specified circumstances, none of which were met in this case. As the filing fees required by statute were not timely paid for the original malpractice claim and request for review panel, the request for review of the malpractice claim is invalid and without effect. That is, it has no effect on the running of prescription of the claim. La. R.S. 40:1299.47(A)(1)(e).
 
 [3]
 

 With regard to the claim and request for review panel filed on January 11, 2008, the record indicates that the claim is a survival action filed as a result of the alleged malpractice sustained by decedent prior to his death. There is no dispute that the alleged malpractice occurred and
 
 *1124
 
 was known to claimants no later than November 8, 2006. As the original claim was rendered invalid and without effect for the failure to timely pay fees, this claim did not suspend the running of prescription. La. R.S. 40:1299.47(A)(l)(e). Any action for medical malpractice must have been filed within one year of this date of the alleged malpractice, or by November 8, 2007. La. R.S. 9:5628. As the claim was not asserted within this time period, it has clearly prescribed.
 

 Further, although appellants argue that the claim filed in 2008 relates back to the original claim filed within the prescriptive period, we do not find |Rthis to be the case. As the original claim was not validly filed, it did riot suspend the running of prescription, and prescription continued to run. Accordingly, the second claim is unable to relate back to any invalidly filed claim and the second claim has therefore prescribed. For these reasons, we find no error in the trial court’s ruling granting defendants’ exceptions of prescription.
 

 Appellants also assert that La. R.S. 40:1299.47(A)(l)(c through g) is unconstitutional. These provisions of the Louisiana Medical Malpractice Act, La. R.S. 40:1299.41, et seq., require that in order to file a claim under the Act or a request for a medical review panel, a claimant must request that a medical review panel be convened and pay a fee of $100.00 for each named defendant within 45 days of the confirmation of the receipt of the request by the Patient’s Compensation Fund. La. R.S. 40:1299.47(A)(l)(c). The filing of such a request suspends the time within which suit must be instituted as to the named healthcare providers. La. R.S. 40:1299(A)(2)(a). If the fee is not timely paid, however, the claim is rendered invalid and will not suspend time within which suit must be instituted. La. R.S. 40:1299.47(A)(l)(e). The statute also provides for a waiver of the fee in certain specified circumstances. La. R.S. 40:1299.47(A)(l)(d).
 

 All funds generated by these filing fees shall be applied to costs of the administration of the Patient’s Compensation Fund Oversight Board, which administers requests for medical review panels pursuant to the statute. La. R.S. 40:1299.47(A)(l)(f). According to evidence in the record, the fee was enacted to discourage the indiscriminate naming of multiple defendants in requests for medical review panels.
 

 | following the motion in the trial court asserting this constitutional issue, the Attorney General for the State of Louisiana intervened into these proceedings to defend the constitutionality of the statute. The trial court upheld the constitutionality of the statute, citing
 
 Everett v. Goldman,
 
 359 So.2d 1256 (La.1978), in which the Louisiana Supreme Court found that the provisions of the Medical Malpractice Act were reasonable, did not unconstitutionally restrict access to the courts and were rationally related to the public interest. Appellants contend this ruling is in error. We do not agree.
 

 In support of their constitutional argument, appellants argue that the filing fees required by this statute unconstitutionally delegate a judicial function to the executive branch in violation of Article II, Section 2 of the Louisiana Constitution, citing
 
 Safety Net for Abused Persons v. Segura,
 
 96-1978 (La.4/8/97), 692 So.2d 1038, which found that a statute imposing a filing fee on civil and criminal court filings to fund domestic abuse services to be unconstitutional. Further, appellants argue the statute unconstitutionally imposed a pre-litigation tax on claimants in violation of Article I, Section 22 of the Louisiana Constitution.
 

 
 *1125
 
 However, unlike the facts in the
 
 Segura
 
 case, the filing fees imposed by this statute do not involve a judicial function and are not required to be paid at the time of the filing of a lawsuit in violation of the right of access to the courts. The fees are not an attempt to raise revenue for the State general fund. Rather, the fees are collected by an administrative agency to contribute to the funds necessary for the administration of the medical review panel requests. According to evidence in the record, the fee pays only a small part of administrative costs, and the remainder of the costs is Imborne by surcharges assessed to qualified healthcare providers under the Act. Under these circumstances, we find no merit in appellants’ argument that this fee constitutes an impermissible delegation of powers or an impermissible tax to raise the State’s general revenue.
 

 In addition, appellants contend that the intended and actual effects of the statute can be read to prove its unconstitutionality. However, evidence in the record indicates that there were two purposes in instituting the filing fee requirement: to offset the escalating costs of processing panel requests and to encourage those filing claims to seriously review the matter before naming a healthcare provider. The record also indicates that these purposes have been met by imposition of the fees. Our review of this matter shows a rational basis for the imposition of the fees and fails to support a finding of unconstitutionality. We also fail to find that the imposition of the fees in this case in any way unconstitutionally bars appellants’ access to the courts.
 
 See, Everett v. Goldman, supra,
 
 359 So.2d at 1268-1269.
 

 We likewise find no merit in appellants’ argument that the filing fees are an unconstitutional taking of private property in violation of Article I, Section 4(B)(1) of the Louisiana Constitution. As previously discussed herein, the imposition of fees holds a rational basis, and there has been no unconstitutional taking as described in appellants’ brief.
 

 Accordingly, for the reasons assigned herein, we find no error in the trial court’s judgment denying the motion to declare the statute unconstitutional and in granting defendants’ exceptions of prescription. The judgment of the trial court is therefore affirmed.
 

 AFFIRMED.
 

 [1]
 

 . The filing dates referred to herein are the dates stated on the various letters which were indicated to be sent by certified mail.
 
 See,
 
 La. R.S. 40:1299.47(A)(2)(b).
 

 [2]
 

 . Although appellants contend that the law must allow a reasonable time period for the payment of the fee following a claimant's death, the record in this case indicates that the original claim was filed through power of attorney by The Rev. James Smart, III, who was also one of the claimants named in the second filing. Rev. Smart had notice of the fee requirement for this claim which was due weeks after the date of death, and we find that claimant had a reasonable opportunity to timely provide payment of the fee after decedent's death.
 

 [3]
 

 . Appellants rely on the case of
 
 Golden v. Patient’s Compensation Fund Oversight Bd.
 
 40,801 (La.App. 2 Cir. 3/8/06), 924 So.2d 459, 463,
 
 writ denied,
 
 06-837 (La.6/2/06), 929 So.2d 1261, wherein the court held that fees which were filed two days outside of the 45 day window did not invalidate the claim as suggested by the PCF. However, we find this holding to be distinguishable from the present case. In
 
 Golden,
 
 the prescriptive period had not yet run on the claim and the court correctly determined that the invalidity concept only addresses a late filing's effect on the suspension of prescription. In the present case, the one year prescriptive period had run at the time the fees became due, and the subsequent invalidity of the claim due to the failure to pay fees resulted in the claim being prescribed.