BONIN, J.,
concurring.
hi respectfully concur.
In response to Mr. Berry’s claim for medical malpractice review filed on January 14, 2008 with the PCF, the healthcare providers, Dr. Butler and Tulane University Hospital, filed the plea of liberative prescription of one year. La. R.S. 40:1299.47 B(2); La. C.C. art. 3447. Be *260 cause that written request alleged the date of the last act or omission as no later than December 31, 2005 and it did not allege a later “date of discovery of the alleged act, omission, or neglect,” the action was prescribed on its face. See La. R.S. 9:5628 A. See also Campo v. Correa, 01-2707 (La.6/21/02), 828 So.2d 502. When an action is prescribed on its face, the patient bears the burden of showing that the action has not prescribed. See LeBreton v. Rabito, 97-2221, p. 6 (La.7/8/98), 714 So.2d 1226, 1228. Stated another way, the burden is upon the patient to prove that the filing was timely and that his action is not barred by his inaction for a period of more than one year. See Campo v. Correa, 01-2707, p. 9-10, 828 So.2d at 509.
Mr. Berry sought to establish the timeliness of his action by showing that he had filed an earlier claim with the PCF within one year of his discovery of the health care providers’ malpractice. The trial court determined from the patient’s evidence at the hearing that the latest date of discovery of any alleged malpractice |2was in November 2006. This finding is subject to manifest error review. See Marino v. Tenet Healthsystem Medical Center, 09-915 (La.App. 4 Cir. 11/24/09), 26 So.3d 297, 300. Mr. Berry’s contention is that an earlier, identical written request for malpractice review, filed with the PCF on September 19, 2007 suspended the prescriptive period. See La. R.S. 40:1299.47 A(2)(a). But the healthcare providers respond that the September 19, 2007 claim filed with the PCF was not a valid request which suspended the time within which to bring a proper legal action because Mr. Berry never timely paid the filing fee of $200, which was undisputed.[1] See La. R.S. 40:1299.47 A(l)(c) through (e). The failure to timely pay the filing fees with the PCF “shall render the request for review of a malpractice claim invalid and without effect.” La. R.S. 40:1299.47 A(1)(e); Bosarge v. Louisiana Patient’s Compensation Fund, 08-1923 (La.App. 1 Cir. 5/8/09), 16 So.3d 10.[2] Without timely payment of the fees, the September 19, 2007 request, despite being filed within one year of the date of discovery of the malpractice, is “invalid and without effect” and is no avail to Mr. Berry in proving the timeliness of his January 14, 2008 request. See Smart v. West Jefferson Medical Center, 09-366, p. 3 (La.App. 5 Cir. 11/24/09), 28 So.3d 1119, 1123 (“As the filing fees required by statute were not timely paid for the original malpractice claim and request for medical review panel, the request for review of the malpractice claim is invalid and without effect. That is, it has no effect on the running of prescription of the claim.”).
In view of the Louisiana Supreme Court’s pronouncement on rehearing in Borel v. Young, 07-0419, p. 27 (La.7/1/08), 989 So.2d 42, 68 (“[T]he specific provisions of the Medical Malpractice Act regarding the suspension of prescription |3against joint tortfeasors apply to the exclusion of the general code article on interruption of prescription against joint tortfeasors, LSA-C.C. 2324(C).”), Mr. Berry suggests no other legal or factual grounds to prove that this request was otherwise timely. See also Richard v. Tenet Health Systems, *261 Inc., 03-1933, p. 3 n. 1 (La.App. 4 Cir. 4/14/04), 871 So.2d 671, 673 n. 1.
The patient, in the view of the trial court, did not carry his burden of proof. Mr. Berry’s request for review of his malpractice claim against Dr. Butler and Tulane University Hospital is barred by his inaction for more than one year after the discovery of the malpractice. The plea of prescription filed by the healthcare providers was properly sustained by the district court and the claim dismissed with prejudice. La. C.C.P. arts. 927 A(l) and 934. I, therefore, concur.

. We recently denied supervisory relief from an interlocutory judgment denying an exception of prescription and upheld the trial court at this stage of the proceedings where it con-eluded on the facts that the matter was not prescribed despite the invalidity of the earlier PCF complaint due to non-payment of the filing fees. In re Medical Review Panel Proceedings For the Claim of Bosarge, 09-1345 (La.App. 4 Cir. 11/13/09) (unpub.).