STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT
CA 09-1186

IN RE:  GARLAND LATIOLAIS


**********


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2004-3757 "D"
HONORABLE HERMAN C. CLAUSE, DISTRICT JUDGE


**********


SHANNON J. GREMILLION
JUDGE


**********


Court composed of, James T. Genovese, Shannon J. Gremillion, and David E. Chatelain,[1] Judges.


**AFFIRMED.**

**James Patrick MacManus**
**Attorney at Law**
**P.O. Box 4708**
**Lafayette, LA 70502-4708**
**(337) 234-1720**
**Counsel for Appellant:**
**Garland Latiolais**

**Patrick Manning Wartelle**
**Leake & Andersson, L.L.P.**
**P. O. Drawer Z**
**Lafayette, LA 70502**
**(337) 233-7430**
**Counsel for Appellee:**
**Our Lady of Lourdes Regional Medical Center, Inc.**

---

[1]Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**GREMILLION, Judge.**

Appellant, Garland Latiolais, lodged this appeal of the trial court's maintenance of an exception of prescription in favor of Our Lady of Lourdes Regional Medical Center, Inc. (Lourdes). For the following reasons, we affirm.

**FACTS**

On January 30, 2003, Latiolais fell in the bathroom of his hospital room at Lourdes, where he had undergone surgery. When he needed to use the toilet, Latiolais was escorted by nursing staff into the bathroom, and was left alone. Latiolais became dizzy and fell. He injured his back in the fall and required surgery.

Latiolais initiated proceedings before the Louisiana Patients' Compensation Fund Oversight Board (PCF) by forwarding the requisite demand for a medical review panel to the Division of Administration by letter dated January 21, 2004. Unbeknownst to Latiolais and his counsel, the Medical Malpractice Act, La.R.S. 40:1299.41, *et seq.*, had been amended to require that claimants either pay a $100 fee per provider against whom malpractice is alleged, or provide an affidavit from a licensed physician that the defendant health care provider breached the applicable standard of care, or file an order allowing the claimant to proceed in forma pauperis.[2] La.R.S. 40:1299.47(A)(3), as amended by 2003 La. Acts No. 961. No fee was sent with Latiolais's request for the convention of a panel.

Latiolais and his counsel deny receiving a letter dated February 10, 2004, from the PCF, which informed the recipient of the requirements of section 1299.47(A). Act 961 mandated this notice, but the form of notice was not specified. At the time, the PCF was not required to forward that notice by registered or certified mail. That was corrected by passage of 2005 La. Acts No. 127. Latiolais's attorney did receive the

---

[2] For the sake of brevity, we will henceforth refer to these dictates as the filing fee requirement.

letter from the PCF dated April 22, 2004, informing him that Latiolais's failure to comply with section 1299.47(A) resulted in the PCF no longer considering his claim as filed.

Thereafter, Latiolais undertook steps to preserve his claim. On April 27, 2004, he filed his second request for a review panel. He sought and received an order, dated June 9, 2004, allowing him to proceed in forma pauperis.

On August 2, 2004, Dr. Kenneth J. Champagne, the surgeon who performed Latiolais's surgery at Lourdes, filed a petition to allot the claim a case number for discovery purposes and for purposes of interposing an exception of prescription. The hearing on the exception was continued three times during the ensuing months. On October 18, Lourdes filed its own "Motion to Dismiss Due to Prescription."

On November 5, 2004, Latiolais filed suit in the Nineteenth Judicial District Court in East Baton Rouge Parish against Ms. Cheryl Jackson and the PCF.[3] The particulars of that suit are discussed more fully in *Latiolais v. Jackson*, 06-2403 (La.App. 1 Cir. 11/2/07), 979 So.2d 489. In that matter, Latiolais alleged that he never received the February 10 letter, and that the second claim was in the process of being dismissed on grounds of prescription. The suit alleged that Jackson and the PCF were arbitrary in their enforcement of the dictates of section 1299.47(A), in that some attorneys were called by Jackson to remind them of the filing fee requirement, while others, such as Latiolais's attorney, were not. This, Latiolais alleged, violated his rights to due process and equal protection under the United States and Louisiana

---

[3] Ms. Jackson is the Malpractice Insurance Director for the PCF. Her signature appeared on the February 10, 2004 letter, as well as a letter dated May 7, 2004, acknowledging receipt of Latiolais's second request for a review panel and advising of the requirements for filing. Latiolais alleged that Ms. Jackson sent the letter of April 22, but the record reflects that letter was sent by Ms. Lorraine LeBlanc, the PCF's Executive Director.

2

Constitutions. It also alleged that Jackson and the PCF were negligent in either not sending, or in improperly addressing, the February 10 letter. That suit was amended to include a request that a writ of mandamus be issued ordering the PCF to reinstate his original claim. The mandamus request was tried separately, and the trial court granted Latiolais the requested writ. The PCF appealed, and the Louisiana First Circuit Court of Appeal reversed the trial court, holding that the PCF was following the dictates of section 1299.47(A). During the pendency of the 19th JDC matter, the present matter was stayed.

The exceptions of Lourdes and Champagne were taken up on June 30, 2008. The trial court granted the exceptions. Latiolais then moved for a new trial. That motion was denied. The present appeal followed.[4]

## ANALYSIS

Two principles guide our analysis of this case. The first is found in La.Civ.Code art. 5: No one may avail himself of ignorance of the law. The second, embodied in La.Civ.Code art. 9, is that unambiguous laws must be applied as written unless to do so would lead to absurd consequences. *See also La.R.S. 1:4.*

Central to Latiolais's argument is the fact that at the filing requirement had only recently been enacted. The first principle requires the conclusion that his ignorance of the requirement does not excuse his failure to comply with it. Latiolais also argues that his failure regarding the filing requirement should be excused because the PCF failed in its notice requirement. The evidence, though, demonstrates that the PCF did indeed mail the February 10 letter on February 13. The mailing of the letter brings us to the second principle.

---

[4] Latiolais has only appealed the judgment in favor of Lourdes. He did not appeal the judgment in favor of Champagne.

At the time of Latiolais's complaint, La.R.S. 40:1299.47(A)(3) read:

(c) A claimant shall have forty-five days from the mailing date of the confirmation of receipt of the request for review in accordance with R.S. 40:1299.47(A)(3)(a) to pay to the board a filing fee in the amount of one hundred dollars per named defendant qualified under this Part.

(d) Such filing fee may be waived only upon receipt of one of the following: (I) An affidavit of a physician holding a valid and unrestricted license to practice his specialty in the state of his residence certifying that adequate medical records have been obtained and reviewed and that the allegations of malpractice against each defendant health care provider named in the claim constitute a claim of a breach of the applicable standard of care as to each named defendant health care provider.
(ii) An in forma pauperis ruling issued in accordance with Louisiana Code of Civil Procedure Article 5181 et seq. by a district court in a venue in which the malpractice claim could properly be brought upon the conclusion of the medical review panel process.

(e) Failure to comply with the provisions of Subparagraph (A)(1)(c) or (d) of this Section within the specified time frame shall render the request for review of a malpractice claim invalid and without effect. Such an invalid request for review of a malpractice claim shall not suspend time within which suit must be instituted in R.S. 40:1299.47(A)(2)(a).

No ambiguity can be found in this statute. A claimant must comply with the requirements for filing. His failure to do so within 45 days of the mailing of the confirmation of receipt results in the request for a review panel invalid and without effect, and the suspension of prescription during the pendency of the panel proceedings does not occur.

Latiolais was required to file his order allowing him to proceed in forma pauperis within 45 days of February 13, 2004. The order he obtained was signed on June 9, 2004, which is well after the 45-day period had lapsed. Therefore, his initial request for a medical review panel was invalid and without effect, and prescription on his claim was not suspended. His second request was filed after the one-year prescriptive period established in La.R.S. 9:5628. There was no error in the trial

4

court's ruling.

## CONCLUSION

A claimant is required to comply with the requirements of La.R.S. 40:1299.47(A)(3). His failure to do so renders his request invalid and without effect. This compliance must be effected within 45 days of the PCF's mailing of the confirmation of receipt of the complaint; no provision has been made by the legislature in the event the confirmation is not received. The mailing date is the triggering mechanism. Accordingly, Latiolais's initial request was without effect and prescription was not suspended. His second request was not filed timely, and is thus prescribed. The trial court's ruling is affirmed.

Costs of this appeal are taxed to plaintiff/appellant, Garland Latiolais.

**AFFIRMED.**